THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL ATTAWAY,<br><br>      Plaintiff,<br><br>v.<br><br>DR. ALFONSO DAVID, ALEXANDRIA BROWN, and ASHLEY SHARP,<br><br>      Defendants. | Case No. 3:24-cv-01117-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Micheal Attaway, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections at Shawnee Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim. (Doc. 8). He was granted leave to file an Amended Complaint. His First Amended Complaint (Doc. 9) was also dismissed without prejudice for failure to state a claim. (Doc. 13). He was granted leave to file a Second Amended Complaint on or before July 25, 2024. *Id*. He was warned that his failure to file a Second Amended Complaint or to update the Court with any change in his address would result in the dismissal of his case. *Id*. at p. 4-5. Plaintiff failed to file an amended pleading. On August 9, 2024, the Court dismissed the case and entered judgment. (Doc. 15, 16).

This matter is now before the Court on several motions filed by Plaintiff. On March 31, 2025, Plaintiff filed a *pro se* motion to vacate the dismissal order and judgment in this case. (Doc. 17). He also filed a motion seeking to change the venue (Doc. 18) as well as a motion for leave to file an amended pleading (Doc. 21). Plaintiff argues that he was unable to meet the Court's deadline to file a Second Amended Complaint due to financial and logistical barriers. (Doc. 17, p. 1). Plaintiff alleges that he was released from prison on June 4, 2024, and was busy reintegrating into society. *Id*. at p. 1-2. His motion to amend (Doc. 21) alleges that upon his release he faced financial limitations that were further hampered by limited employment opportunities and difficulties with securing housing. *Id*. at p. 2. He was busy focusing on his basic survival needs, including finding housing, employment, and medical care. *Id*. He further alleges that financial issues made it difficult to obtain the necessary documentation and legal assistance to complete his pleading. *Id*. He was unable to comply with the Court's deadlines despite making diligent efforts to comply.

Although Plaintiff fails to identify a specific Federal Rule of Civil Procedure as the basis for his motion, he seemingly invokes Federal Rule of Civil Procedure 60(b)(1). He asserts that his failure to timely file an amended complaint amounted to excusable neglect and inadvertence "due to circumstances beyond [his] control" (Doc. 21, p. 2) and was "not due to a lack of diligence" (Doc. 17, p. 2). Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. PROC. 60(b)(1). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy*

*Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). Relief under Rule 60(b) is an "extraordinary remedy" granted only in "exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.,* 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010).

No exceptional circumstances apply here. To amend his pleading, Attaway only had to identify the nurse practitioner he spoke with about his medical condition (Doc. 13, p. 4). The Court noted that Plaintiff attached a grievance mentioning a nurse practitioner, but his Amended Complaint failed to indicate that he saw or spoke to the named defendants about his condition. Plaintiff identified three individuals, he simply failed to indicate when he spoke to them. Although Plaintiff now argues that he was delayed in filing an Amended Complaint because he faced financial issues and could not access documents, his amended pleading did not require "additional documentation" or "legal assistance" as Plaintiff alleges.

Further, to the extent that Plaintiff needed additional time to file an amended pleading after being released from prison, he could have sought additional time to file a pleading. Yet, Plaintiff never filed a motion for more time or informed the Court of any difficulties that precluded him from filing a timely complaint. In fact, Plaintiff did not file anything with the Court until seven months after the dismissal of his case. Thus, Plaintiff failed to act quickly to remedy the dismissal of his claims.

Finally, the Court notes that Plaintiff has failed to submit a viable amended pleading. Although his motion for leave to file a late amended complaint (Doc. 21) includes a proposed amended pleading, the pleading fails to state a claim. Although he

now alleges that Dr. David, Nurse Practitioner Brown, and Nurse Practitioner Sharp were aware of his medical condition due to multiple request slips which he believes defendants should have known about, he fails to allege when he submitted those request slips or otherwise requested care from defendants. As the Court reminded Plaintiff in dismissing his prior pleadings, a successful complaint generally alleges "the who, what, when, where, and how . . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff's proposed pleading fails to allege when he sought care from the defendants, what care he sought, and their response, if any. He alleges they failed to order the necessary diagnostic tests and provide referrals, but he fails to allege what tests and referrals he sought (Doc. 21-1, p. 3). Thus, his proposed pleading again fails to state a claim and would be subject to dismissal.

For these reasons, the Motion to Vacate Judgment (Doc. 17) is **DENIED**. This case will remain dismissed with prejudice. The Motion to Change Venue (Doc. 18) and Motion for Leave to file a Late Amended Complaint (Doc. 21) are also **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 18, 2025.**

Digitally signed by Judge Sison
Date: 2025.06.18 14:01:37 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**